NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-2170

HECTOR TAVAREZ,

Appellant

v.

THE TOWNSHIP OF EGG HARBOR;
JAMES J. MCCULLOUGH;
STANLEY GLASSEY;
PAUL HODSON;
JOHN W. RISLEY, JR.;
JOHN CARMAN, JR.;
JOHN DOE (1-10)

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 1-09-cv-06119)
District Judge: Hon. Joseph H. Rodriguez

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2014

Before: McKEE, *Chief Judge*, CHAGARES and
NYGAARD, *Circuit Judges*

(Opinion filed: July 16, 2014)

OPINION

McKEE, *Chief Judge*.

Hector Tavarez appeals from the district court's grant of summary judgment to the

Township of Egg Harbor and individual members of the Township Committee

1

(hereinafter "Egg Harbor") on the racial discrimination claim asserted against Egg Harbor. We will affirm.

## I.

Inasmuch as the district court has set forth the factual and procedural history of this case, it is not necessary to repeat that complete history here. *Tavarez v. Township of Egg Harbor*, 2013 WL 1288164 (D.N.J. March 25, 2013). Accordingly, we will recite only as much of the facts and procedural history as are helpful for our brief discussion.

In a "nutshell," Tavarez alleges that Egg Harbor's failure to promote him to Captain of Police in 2007, 2008, and 2009, constituted racial discrimination.[1] Summary judgment motions in § 1981 actions are governed by the burden shifting analysis established in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), that are generally applied in Title VII cases. *See Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 126 (3d Cir. 1990); *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009). Under that burden-shifting analysis, the plaintiff has the initial burden of establishing a prima facie case of unlawful discrimination. If the plaintiff meets that burden, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the employee's rejection. If the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its decision, the burden rebounds to the plaintiff to show by a preponderance of the evidence that the employer's explanation is pretextual.

---

[1] We note that Tavarez was promoted to Captain in 2011, prior to his retirement from the Police Department.

2

In the district court, Egg Harbor conceded that Tavarez had established a prima facie case of racial discrimination for failure to promote based on race for the 2007, 2008 and 2009 promotions at issue. Specifically, Egg Harbor agreed the Tavarez is a member of a protected class – a Hispanic male; that he was qualified for the position of Captain in each year but did not receive the promotion; and that a Caucasian male was promoted to Captain in each year. As a result of these concessions, the issues before the district court were whether Egg Harbor presented legitimate, non-discriminatory reasons for not promoting Tavarez in the years at issue and whether Tavarez produced any evidence to show that Egg Harbor's proffered reasons for not promoting him were pretextual.

In its opinion, the district court carefully and fully explained its reasons for finding that Egg Harbor offered legitimate, non-discriminatory reasons for not promoting Tavarez in 2007, 2008 and 2009, and for finding that Tavarez failed to demonstrate that Egg Harbor's proffered legitimate reasons were pretexts for discrimination. 2013 WL 1288164 at *4-10. We are in complete agreement with the district court's thoughtful analysis, and the record supports the court's findings. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's opinion without further elaboration.